**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5185-14T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

KENNETH TORRES,

    Defendant-Appellant.

_____

Submitted February 9, 2017 — Decided July 6, 2017

Before Judges Lihotz and O'Connor.

On appeal from Superior Court of New Jersey,
Law Division, Cumberland County, Indictment
No. 11-06-0538.

Joseph E. Krakora, Public Defender, attorney
for appellant (Frank M. Gennaro, Designated
Counsel, on the brief).

Jennifer Webb-McRae, Cumberland County
Prosecutor, attorney for respondent
(Danielle R. Pennino, Assistant Prosecutor,
of counsel and on the brief).

PER CURIAM

    Defendant Kenneth Torres appeals from a December 19, 2014

judgment of conviction, entered after a jury trial.  The jury

found defendant guilty of fourth-degree possession of marijuana, N.J.S.A. 2C:35-10(a)(3), but acquitted him of second-degree possession of marijuana with intent to distribute, N.J.S.A. 2C:35-5(b)(10)(b). The court sentenced defendant to three years of probation.

After reviewing the record and applicable legal principals, we affirm.

I

The relevant evidence adduced at trial was as follows. Co-defendant Daniel Rivera rented one of the three bedrooms in his apartment to defendant. Although defendant always kept his bedroom locked, Rivera did have a key.

In October 2010, the police were authorized to and did search the apartment. The police found marijuana in four small Ziploc bags in a shoe in defendant's bedroom; in the aggregate, the amount of marijuana found in the shoe weighed less than a pound. Also discovered in defendant's room was a Ziploc bag containing marijuana; the amount of marijuana in this bag was not clear. In addition, $2000 in cash inside of a light bulb fixture and $2248 in cash in a safe were found.

The police also located marijuana bundled in trash or Ziplock bags in the other rooms of the apartment. The quantity discovered outside of defendant's bedroom indicated such

2

marijuana was for distribution. Varying amounts of cash were also found. The State's expert in narcotics testified a person who uses marijuana for personal consumption generally does not possess more than five pounds at any one time. If one possesses more than six pounds of marijuana, likely such marijuana is for distribution.

During his testimony, defendant admitted the marijuana in the shoe belonged to him and was for his personal consumption. Other than the marijuana found in the shoe, defendant disavowed knowledge or ownership of the marijuana found in his bedroom or elsewhere in the apartment. Defendant admitted the $2246 in cash found in his safe belonged to him, but asserted the cash were tips he earned as a barber. He claimed he did not know of the cash stored in the light bulb fixture. Defendant also mentioned he spent little time in the apartment, preferring to spend his free time with his girlfriend. As referenced above, defendant was acquitted of possession of marijuana with intent to distribute, but convicted of possession of this drug.

Before the trial, defendant filed a motion for leave to introduce evidence Rivera sold Ecstasy to an informant in two separate controlled buys. Defendant's purpose was to show Rivera was engaging in drug-dealing and, thus, it was more likely the large amounts of marijuana found in the apartment

3

belonged to Rivera and were earmarked for distribution. Sensitive to the fact such evidence would prejudice Rivera, defendant sought to be tried separately.

The court denied the motion to admit the evidence and sever the trials, finding the proffered evidence irrelevant and its probative value substantially outweighed by the risk of confusing the issues or misleading the jury, see N.J.R.E. 403. The court stated:

> [T]he mere fact that one party may have sold ecstasy does not mean that they were, at any time, selling or distributing marijuana. And, it's that broad brush problem that 403 is talking about, is tending to confuse the issue.
>
> The issue on trial — while there is a possession of ecstasy charge, there's no distribution of ecstasy charge. Therefore, it's not even relevant. The distribution of ecstasy does not tend to prove the distribution of marijuana.
>
> So, I don't see it being admissible in either case, whether it's severed or whether it's not severed. Because, it will tend to confuse the jury and mislead the jury away from the real issue. Who was in possession of marijuana and who was distributing the marijuana. . . .
>
> And, I think this is capable of misleading the jury, or leading the jury away from the central issue that they have to determine, which is the possession and the possession with intent to distribute marijuana.

4

Turning to another issue pertinent to this appeal, when he exhausted his preemptory challenges during jury selection, the court declined defendant's request to excuse for cause those prospective jurors who were or had family members in law enforcement. At the time defendant made this request, eight of the jurors seated in the box were connected to law enforcement. Specifically, two of the jurors were working as corrections officers; two had family members working as corrections officers; one was a retired corrections officer; one was a "RICO specialist" for the county jail; one had a brother-in-law working as a state trooper in Vermont; and one had family members working in various prisons in the county.

Before they were seated, each of these jurors had been vetted by responding to the jury selection questionnaire for criminal trials. See Administrative Office of the Courts Directive # 4-07 (May 16, 2007). Each of the eight subject jurors was specifically asked if his or her connection to law enforcement would affect his or her ability to be fair and impartial; each replied in the negative. There were other jurors connected to law enforcement who were similarly vetted; those who stated they could not be impartial were removed for cause.

Relevant to another issue on appeal, before any witnesses were called, the court ordered there be no mention of the police having engaged in a surveillance of the apartment before it was searched, conducted controlled buys of drugs from Rivera, or secured a search warrant of the apartment. Notwithstanding this order, during the cross-examination of a detective called by the State, the following exchange occurred:

> DEFENDANT'S COUNSEL: [D]uring the week of September 19, 2010, how did you assist [Officer Shaw] in observing [the defendants' residence]?
>
> DETECTIVE: I assisted [Shaw] by observing [the residence] and the informant . . . the target, rather[,] do a controlled buy.

Because the detective made reference to one of the controlled buys, both defense attorneys immediately requested a mistrial. Defendant also argued the jury might speculate he was the target the detective referenced, unduly prejudicing him. Defendant further pointed out because of the court's earlier ruling, he was precluded from introducing evidence it was the co-defendant who was in fact the target, the person from whom the police purchased drugs as part of a controlled buy.

The court denied defendants' motions for mistrial, determining instead a curative instruction would suffice. That instruction stated in pertinent part:

6

> [T]he last witness who was testifying
> mentioned some things or some elements that
> are not part of this case. It doesn't
> involve these defendants. It shouldn't be
> considered by you in any way.
>
> There was a reference to a controlled buy.
> There was no controlled — there were no
> controlled buys in this case. There [are]
> no charges against any of these defendants
> with regard to any direct sales of anything,
> whether it be a controlled substance or
> whether it be anything.
>
> And you're not to consider the fact that the
> officer testified that he had observed a
> controlled buy. He did not identify any
> particular individual and it's not these
> individuals.

Later in his testimony the detective volunteered he wrote his police report on the same day as the search warrant. Defendant asked for a mistrial, but the court declined, noting the witness's mention of the search warrant was merely a "passing reference."

## II

On appeal, defendant raises the following arguments for our consideration:

> POINT I — THE TRIAL COURT'S DENIAL OF
> DEFENDANT'S MOTION TO PERMIT THE ADMISSION
> OF EVIDENCE OF THE CONTROLLED BUYS WHICH
> CONSTITUTED THE PROBABLE [CAUSE] FOR THE
> SEARCH WARRANT WAS ERROR WHICH DENIED
> DEFENDANT A FAIR TRIAL.
>
> POINT II — THE TRIAL COURT'S REFUSAL TO
> EXCUSE PROSPECTIVE JURORS WHO WERE PART OF

7

THE LAW ENFORCEMENT COMMUNITY DENIED
DEFENDANT A FAIR TRIAL.

POINT III — THE TRIAL COURT'S DENIAL OF
DEFENDANT'S MOTION FOR A MISTRIAL WAS ERROR
WHICH DENIED DEFENDANT A FAIR TRIAL.

We are unpersuaded by any of these arguments and affirm.

We find it unnecessary to engage in a detailed legal analysis of the substantive flaws underlying each argument. Even if the court erred in the manner defendant asserts, none of the errors had any effect upon the outcome here; every alleged error was blatantly harmless.

Under the "harmless error" rule, "[a]ny error or omission shall be disregarded by the appellate court unless it is of such a nature as to have been clearly capable of producing an unjust result." R. 2:10-2; State v. Macon, 57 N.J. 325, 337 (1971). This rule recognizes that not every error possibly resulting in an injustice requires reversal. Rather, "[t]he possibility must be real, one sufficient to raise a reasonable doubt as to whether the error led the jury to a result it otherwise might not have reached." Macon, supra, 57 N.J. at 336.

Here, defendant admitted at trial he was the owner of the marijuana found in the shoe in his room. According to the State's expert on narcotics and drug distribution, the quantity found in the shoe was insufficient to be deemed held for

8

distribution. The amount of marijuana in the shoe was for personal consumption only.

Consistent with defendant's admission and the expert's testimony, defendant was convicted of possession of marijuana. However, he was acquitted of the more serious charge of possession of marijuana with the intent to distribute. Plainly, the jury credited defendant's testimony, accepting he had nothing to do with any of the marijuana found in the apartment but for that found in his shoe.

Defendant sought to introduce evidence showing defendant was the target of the controlled buys in order to prove Rivera was a drug dealer. However, even if such evidence had been admitted, the outcome would have been the same. Although we fail to see how such evidence would have exculpated defendant from the distribution charge, as this evidence would not have established defendant was not selling drugs, the larger point is defendant was not convicted of possession of marijuana with intent to distribute.

The detective's references to a "target," a controlled buy, and the search warrant during his testimony were similarly harmless. At best, those references related to the distribution charge and not to the charge for mere possession, a charge defendant candidly admitted was true.

9

We do not take lightly defendant's complaint the court declined to remove for cause those jurors who either were or had family members in law enforcement. While not necessarily mandating a reversal, we do recognize "prudence counsels that a court, on request of a defendant in a criminal case, should be inclined to excuse a member of the law-enforcement community." State v. Reynolds, 124 N.J. 559, 566 (1991). However, under these factual circumstances, where the jury acquitted defendant of the charge for which he protested his innocence and convicted him of the one for which he admitted his guilt, we cannot say this error, or any of the other errors about which defendant complains, "led the jury to a result it otherwise might not have reached." Macon, supra, 57 N.J. at 336.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

10

A-5185-14T4